768 P.2d 149

**In the Matter of a Member of the State Bar of Arizona, William L. FARRISON, Respondent.**

**No. SB–88–0040–D.**

Supreme Court of Arizona.

Jan. 17, 1989.

William L. Farrison, Phoenix, pro se.

Harriet L. Turney, Chief Counsel, Phoenix, for State Bar of Arizona.

FELDMAN, Vice Chief Justice.

This bar disciplinary matter comes before us on the report and recommendations of the Disciplinary Commission of the State Bar of Arizona (Commission). We have jurisdiction under Ariz. Const. arts. 3 and 6, and Rules 46, 52, and 53, Ariz.R.Sup.Ct., 17A A.R.S. (1988) (Arizona Supreme Court rules are hereafter cited as "Rule ——").

The State Bar of Arizona charges respondent, William L. Farrison, with various violations of the Arizona Rules of Professional Conduct, Rule 42. In particular, the Bar charges respondent with violating Ethical Rules 1.3, 1.4, 1.5, 1.15, 1.16, and 8.4(a), (b), (c), and (d).

The charges involve two separate incidents. The first consists of respondent's failure to represent a client, eventual abandonment of the client, and refusal to refund the fees paid. The second pertains to respondent's failure to comply with a justice of the peace's orders to report for sentencing in a criminal case in which respondent was the defendant.

Respondent failed to file an answer to these charges. *See* Rule 53(c)(1). In addition to finding that respondent violated the cited ethical rules, the Hearing Committee (Committee) found that respondent demonstrated "an intolerable lack of respect for the judicial process and for the disciplinary process established by the Arizona Supreme Court." Report of Hearing Committee, at 7. The Committee recommended suspension for a period of five years.

The matter was set for review before the Commission. *See* Rule 53(d). Respondent failed to object to the Committee's recommendations and failed to appear before the Commission. *See* Rule 53(c)(5) and (d)(1). The Commission made its report to this court, approving and accepting the recommendations of the Committee, with minor modifications. *See* Rules 52(a)(2) and 53(d)(2). Respondent has not objected to the Commission's report or appeared before this court. Respondent's failure to file an answer to the State Bar's complaint constitutes an admission of the allegations against him. Rule 53(c)(1). His failure to object to the Committee's report is deemed a consent to the Committee's sanction recommendation. Rule 53(c)(5).

Accordingly, this court approves the Commission's report, together with its findings, conclusions, and recommendations. Therefore, we order respondent's suspension from the practice of law for five years beginning July 11, 1986. On the Commission's recommendation, we further order that before any petition for readmission is approved, respondent must demonstrate the following:

1. Sobriety and continuous rehabilitation from alcoholism from this date and during the entire balance of the period of suspension.

2. That respondent has developed and demonstrated a proper respect for the judicial process and a willingness to work within the disciplinary process created by this court.

It is further ordered that costs are assessed against respondent in the sum of $1,154.80.

GORDON, C.J., and CAMERON and MOELLER, JJ., concur.

WILLIAM A. HOLOHAN, J., retired before the decision of this case; ROBERT J. CORCORAN, J., did not participate in the determination of this case.